IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, | ) | |
| United States Department of Labor | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 2890 |
| | ) | |
| SANCKEN TRUCKING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff United States Secretary of Labor Elaine L. Chao's ("Secretary") motion for a preliminary injunction. For the reasons stated below, we grant the motion for a preliminary injunction.

### BACKGROUND

According to the Secretary, John Simon ("Simon") was employed by Defendant Sancken Trucking, Inc. ("Sancken") as a truck driver of a commercial motor vehicle from November 2004, until March 11, 2005, when he was discharged by Sancken. On April 8, 2005, Simon filed a complaint with the Secretary, claiming that he had been discharged by Sancken in retaliation for filing a complaint with the

1

Occupational Safety and Health Administration ("OSHA") relating to Sancken's alleged violations of commercial motor vehicle safety regulations or standards. On January 11, 2006, a United States Department of Labor Administrative Law Judge ("ALJ") issued a Recommended Decision and Order ("Recommended Decision"), which found that Simon had been retaliated against and terminated because of his protected activity, his complaint to OSHA, in violation of 49 U.S.C. § 31105(a) of the Surface Transportation Assistance Act, ("STAA"), 23 U.S.C. § 101 *et seq*. The ALJ's Recommended Decision required Sancken to reinstate Simon "to his previous position at the same rate of pay and the same terms of employment." (RD 7). According to the ALJ, Simon's average weekly wage prior to his termination was $721.54. (RD 7).

According to the Secretary, Sancken has failed to reinstate Simon to his previous position with the same terms, pay, and benefits, and instead Sancken has offered to reinstate Simon under essentially the same terms that the ALJ found to be retaliatory in the Recommended Decision. The Secretary filed the instant action on May 25, 2006, seeking enforcement of the Recommended Decision under 49 U.S.C. § 31105(d) of the STAA ("Section 31105(d)").

## LEGAL STANDARD

A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Goodman v. Illinois Dept. of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005)(stating that "[a]s the

Supreme Court has observed, "[a] preliminary injunction is an extraordinary and drastic remedy")(quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). In order to obtain a preliminary injunction, a plaintiff must show that: "(1) [the plaintiff] ha[s] a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) [the plaintiff] will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Goodman*, 430 F.3d at 437.

## DISCUSSION

The Secretary has filed a motion for a preliminary injunction ordering Sancken to reinstate Simon to his previous position, with the same terms and pay and without preconditions that are not required by regulation.

I. Likelihood of Success on the Merits

In the instant action, the Secretary claims that Sancken has failed to reinstate Simon to his previous position with the same pay and without preconditions that are not required by regulation. The Secretary has filed the instant action seeking reinstatement of Simon under Section 31105(d), which states that "[i]f a person fails to comply with an order issued [by an ALJ pursuant to the STAA,] the Secretary shall bring a civil action to enforce the order in the district court of the United States for the judicial district in which the violation occurred." 49 U.S.C. § 31105(d). Under 29 C.F.R. § 1978.109(b), the ALJ's Recommended Decision "concerning

whether the reinstatement of a discharged employee is appropriate shall be effective *immediately* upon receipt of the decision" even if there is a pending appeal of the ALJ's decision. 29 C.F.R. § 1978.109(b) (emphasis added).

Sancken's only arguments regarding the Secretary's likelihood of success on the merits relate to whether the Recommended Decision was correct. However, 29 C.F.R. § 1978.109(b) makes it clear that if an ALJ's decision orders reinstatement, a company must reinstate the terminated employee pending appeal of the ALJ's decision. Accordingly, the relevant question here is whether Sancken has reinstated Simon, or has attempted to reinstate Simon, pursuant to the ALJ's Recommended Decision, and not whether the underlying merits of the Recommended Decision were correct. Sancken claims that it attempted to reinstate Simon to his previous position at the "same rate of pay that he had been earning when he was last employed." (Resp. 9). However, the letter from Sancken to Simon sent on February 22, 2006, which Sancken cites to support this claim, states that Simon "will receive a flat rate of $100.00 per day when [he] is going through . . . terminal training" upon reinstatement. (Resp. Ex. A, 1). A promise to pay Simon $100.00 per day, which comes out to $500.00 per week, is much less than the $721.54 per week that the ALJ found Simon was making prior to the retaliatory actions by Sancken. Therefore, we find that Sancken has not complied with the ALJ's reinstatement order and, thus, the Secretary has shown that there is a significant likelihood of success on the merits in the instant action.

4

II. Adequate Remedy at Law

The Secretary claims that Simon has no adequate remedy at law if he is not reinstated because he has not had health insurance since he was terminated by Sancken, and because his current employment pays him less money than he was earning at Sancken. Sancken argues that Simon's lack of health insurance "is the fault of Simon, not Sancken [because] Simon was specifically instructed to appear for work on May 23, 2006, in order to complete a new insurance application [but] [h]e refused to do so." (Resp. 11). This argument, however, is disingenuous. Sancken may have asked Simon to leave his current employment and come to Sancken on May 23, 2006, to complete paperwork for his reinstatement, but Sancken has not informed Simon that he will be reinstated with the same pay and benefits that he had in his previous position. Accordingly, it is entirely reasonable for Simon to decide that he would not leave his current employment until he receives a proper statement from Sancken regarding his job terms, pay, and benefits, as is provided for in the Recommended Decision. Therefore, we find that the Secretary has shown that Simon has no adequate remedy at law.

III. Irreparable Harm

The Seventh Circuit has cited *United States v. Microsoft Corp.*, 147 F.3d 935, 943 (D.C. Cir. 1998), for the idea that "if a statute confers a right to an injunction once a certain showing is made, no plaintiff . . . need show more [in regard to irreparable harm] than the statute specifies." *Bedrossian v. Northwestern Memorial*

5

*Hosp.*, 409 F.3d 840, 843 (7th Cir. 2005). In the instant action, Section 31105(d) authorizes the Secretary to seek an injunctive order from a district court enforcing 29 C.F.R. § 1978.109(b), requires reinstatement of an employee pending an appeal of an ALJ's opinion. 49 U.S.C. § 31105(d); 29 C.F.R. § 1978.109(b). Accordingly, the Secretary does not need to make a showing of irreparable harm, beyond showing that Sancken has not reinstated Simon pursuant to the ALJ's order in the Recommended Decision. In addition, we find that Simon could be irreparably harmed if he is not reinstated, due to his present lack of health insurance and the lower pay that he is receiving in his current employment. Therefore, we find that the Secretary has shown that failure to reinstate Simon would result in irreparable harm to Simon.

IV. Public Interest

The Secretary argues that "[t]o delay reinstatement of an employee discharged in violation of [the STAA] may have a chilling effect upon other employees in detecting and reporting noncompliance by their employers with federal highway safety regulations . . ." (Mot. 14). We agree. It is clearly in the public interest to protect employees who attempt to promote safety on the highways. *See Brock v. Roadway Exp., Inc*., 481 U.S. 252, 262 (1987)(stating that "[w]e begin by accepting as substantial the Government's interests in promoting highway safety and protecting employees from retaliatory discharge"). Therefore, we find that the public interest supports the entry of a preliminary injunction in the instant action.

In light of the above, we grant the Secretary's motion for a preliminary

injunction reinstating Simon, as provided in the Recommended Decision of the ALJ, immediately and during the pendency of the instant action.

## CONCLUSION

Based on the foregoing analysis, we grant the Secretary's motion for a preliminary injunction.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 17, 2006